IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NABEELA KHALFAN POURREZA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 24-1153-RGA |
| v. | ) | |
| | ) | |
| UCB, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this civil action for employment discrimination and failure to accommodate is a motion to compel arbitration and stay the proceedings filed by defendant UCB, Inc. ("Defendant" or "UCB"), against plaintiff Nabeela Khalfan Pourreza ("Plaintiff"). (D.I. 8) For the reasons that follow, the court recommends **GRANTING** UCB's motion to compel arbitration and stay the proceedings.[1]

**I. BACKGROUND[2]**

Plaintiff began working for Defendant in 2011, subject to the terms of an employment agreement executed by the parties on May 9, 2011 (the "Agreement"). (D.I. 8 at ¶ 6, Ex. 1 at Ex. A; D.I. 12 at ¶ 3) The Agreement contains the following arbitration provision:

> If a dispute arises out of or relates to this Agreement or the breach, termination, or validity thereof, or the compensation, promotion, demotion, discipline, discharge, or terms and conditions of the employment of the Employee, and if said dispute cannot be settled through direct discussions, the parties agree to settle the dispute by binding arbitration in accordance with the Employment Dispute Resolution

---

[1] The briefing and filings associated with the pending motion can be found at D.I. 9, D.I. 11, D.I. 12, and D.I. 14.
[2] The court has considered facts beyond the complaint in accordance with the standard under Federal Rule of Civil Procedure 56, which applies when the "complaint does not set forth clearly that the claims are subject to an arbitration agreement" or "the plaintiff rebuts the motion to compel with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement[.]" *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 319 (3d Cir. 2024) (internal quotation marks and citations omitted); *see also* § II, *infra*.

>Rules of the American Arbitration Association in effect on the date of this Agreement, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof . . . and the Parties agree that such arbitration will take place in Cobb County, Georgia[.]

(D.I. 8, Ex. 1 at Ex. A, ¶ 12(a)) The Agreement also contains a choice of law provision stating that "the laws of the State of Georgia shall govern the validity, construction[,] interpretation, and effect of this contract." (*Id.*, Ex. 1 at Ex. A, ¶ 15)

In March of 2022, UCB eliminated Plaintiff's position as part of a reduction in force. (D.I. 12 at ¶ 4; D.I. 14 at ¶¶ 7-8) Employees impacted by the reduction in force were informed they could either attempt to transfer to a different position within UCB, or they could accept a severance agreement. (D.I. 14 at ¶ 7) On March 2, 2022, Plaintiff received the severance agreement notifying her that her employment with UCB would end effective March 31, 2022. (D.I. 12, Ex. A) In lieu of executing the severance agreement, Plaintiff applied for a different position at UCB and was transferred to the new position as Long-Term Care Accelerator as of April 1, 2022. (*Id.* at ¶¶ 6-7; Ex. B; D.I. 8 at ¶ 7; D.I. 14 at ¶¶ 8-9)

On October 16, 2024, Plaintiff filed this employment discrimination suit against UCB, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and gg, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (D.I. 1) In November of 2024, Defendant moved to compel arbitration and stay the case pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9 U.S.C. § 4. (D.I. 8) The motion was referred to the undersigned judicial officer on April 15, 2025. (D.I. 17)

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, generally applies to arbitration provisions in employment contracts. *See Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222, 227 (3d Cir. 1997) (citing cases confirming that appellate and district courts "have enforced

arbitration agreements in employment contracts."); *see also Gillon v. UCB Inc.*, 757 F. Supp. 3d 759, 762 (S.D. Tex. Nov. 19, 2024). "A party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration" may petition the district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A motion to compel arbitration and stay proceedings should be granted when the district court is "satisfied that the issue involved . . . is referable to arbitration" under a written arbitration agreement. 9 U.S.C. § 3; *see E. Hedinger AG v. Brainwave Sci., LLC*, 363 F. Supp. 3d 499, 505 (D. Del. Feb. 13, 2019). The FAA "establishes a policy in favor of arbitration that requires the liberal reading of arbitration agreements and the resolution of any doubts in favor of arbitration." *S. Broward Hosp. Dist. v. Medquist, Inc.*, 258 F. App'x 466, 467 (3d Cir. 2007).

Federal Rule of Civil Procedure 56 governs a motion to compel arbitration when the complaint does not reference the arbitration agreement, or when the plaintiff's response to the motion to compel arbitration includes additional facts sufficient to place the arbitration agreement in issue.[3] *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 319 (3d Cir. 2024) (citing *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774, 776 (3d Cir. 2013)). Under Rule 56, the movant must present evidence sufficient to demonstrate an enforceable agreement to arbitrate, and the burden then shifts to the nonmovant to raise a genuine dispute of material fact. *Guidotti*, 716 F.3d at 776. Although limited discovery on the

---

[3] Both criteria are present in the instant case. The complaint does not discuss or attach the Agreement or the arbitration clause therein. (D.I. 1) Plaintiff did not object when Defendant introduced evidence outside the pleadings by attaching the Agreement to its motion to compel arbitration. Instead, Plaintiff responded that Defendant "cannot meet its burden of proof to compel arbitration" and submitted evidence of her own in the form of a declaration along with a copy of the severance agreement and offer letter. (D.I. 8, Ex. 1 at Ex. A; D.I. 11 at 5; D.I. 12) Plaintiff did not request additional discovery, challenge Defendant's exhibits, or seek leave to file a sur-reply brief. *See Steele v. Docker, Inc.*, C.A. No. 24-538-RGA, 2025 WL 961379, at *4 (D. Del. Mar. 31, 2025) (finding further discovery was not warranted where the parties did not ask for additional discovery or challenge the submission of various exhibits).

issue of arbitrability may be warranted, "discovery addressing a motion to compel arbitration is unnecessary when no factual dispute exists as to the existence or scope of the arbitration agreement." *Young*, 119 F.4th at 320; *see also Steele*, 2025 WL 961379, at *4.

### III. DISCUSSION

To resolve a motion to compel arbitration, the court must determine whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 318 (3d Cir. 2024) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (internal quotation marks omitted)). The court recommends granting the pending motion to compel arbitration because the arbitration clause in the Agreement is valid, and the parties agreed to arbitrate the arbitrability of the underlying claims in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association.

#### A. The Validity of the Agreement

Defendant contends that the arbitration clause in the Agreement is valid and enforceable under Georgia law. (D.I. 9 at 6-8) Plaintiff responds that no valid arbitration agreement exists because Defendant terminated the Agreement in 2022 by presenting Plaintiff with a severance agreement and eliminating her position. (D.I. 11 at 8) Under both federal and Georgia law, Defendant bears the burden to establish the existence of a valid and enforceable agreement to arbitrate. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Landau-Taylor as Tr. of Georgia Sortor Lerangis Tr.*, 849 S.E.2d 504, 507 (Ga. Ct. App. 2020) ("[A]s the parties seeking arbitration, [the defendants] bear the burden of proving the existence of a valid and enforceable agreement to arbitrate[.]" (internal quotation marks and citations omitted)); *see also Singh v. Uber Techs. Inc.*, 939 F.3d 210, 216 (3d Cir. 2019).

4

Defendant has met its burden to show that the Agreement is valid and continued in effect when Plaintiff accepted a new position at UCB in lieu of signing the severance agreement. In relevant part, the Agreement provides:

> If a dispute arises out of or relates to this Agreement or the breach, termination, or validity thereof, or the compensation, promotion, demotion, discipline, discharge, or terms and conditions of the employment of the Employee, and if said dispute cannot be settled through direct discussions, the parties agree to settle the dispute by binding arbitration in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association in effect on the date of this Agreement, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof . . . and the Parties agree that such arbitration will take place in Cobb County, Georgia[.]

(D.I. 8, Ex. 1 at Ex. A, ¶ 12(a))  Plaintiff does not dispute that she agreed to this provision in 2011, and she does not otherwise challenge its validity in the context of her employment prior to 2022. (D.I. 12 at ¶ 3)

There is no evidence to support Plaintiff's assertion that this Agreement was nullified when she was offered a severance in March of 2022 or when she accepted a new position as of April 1, 2022. There is no dispute that Plaintiff did not sign the severance agreement. (D.I. 12 at ¶¶ 4-6; D.I. 14, Ex. 1 at ¶ 8)  Plaintiff acknowledges, and the evidence confirms, that her transition to her new position was the result of a "transfer," as opposed to a rehire. (D.I. 11 at 8; D.I. 12, Ex. B)  Moreover, Plaintiff concedes that "Defendant did not present Plaintiff with a new employment agreement or arbitration agreement" following her transfer. (D.I. 11 at 1; D.I. 12 at ¶ 9)  Thus, there is no evidence that Plaintiff was terminated, and "[f]or all employment purposes, her seniority date at UCB (which impacts vacation, 401(k), STD, and other benefits) is listed as May 9, 2011." (D.I. 14, Ex. 1 at ¶ 10)  Because Plaintiff accepted a transfer to a new position within UCB instead of signing the severance agreement, she was continuously employed and there is no evidence that the Agreement was rescinded or abandoned. *See, e.g., King v. GenOn Energy Holdings, Inc.*, 74 S.E.2d 15, 16 (Ga. App. 2013) ("[E]ven though [the

5

plaintiff] was transferred from one affiliated employer to another . . . he was continuously employed . . . and therefore the severance payment obligation was not triggered.").

The case authority cited by Plaintiff regarding the contractual abandonment of an arbitration clause is distinguishable from the circumstances of this case. In *Emory Healthcare, Inc. v. Farrell*, the plaintiff, a hospital patient, was presented with a new arbitration agreement upon being re-admitted to the hospital and refused to sign the new agreement. 859 S.E.2d 576, 578 (Ga. App. 2021); *see also GS CleanTech Corp. v. Cantor Colburn, LLP*, 874 S.E.2d 859, 867 (Ga. App. 2022) (holding that a new contract superseded the parties' earlier agreement).[4] Plaintiff acknowledges that "Defendant did not choose to re-present an arbitration agreement" in this case. (D.I. 11 at 8) In this regard, Plaintiff's cited authority bolsters Defendant's position that the Agreement continued in effect because there is no dispute that Plaintiff did not execute a new employment agreement following her transfer. Plaintiff cites no authority suggesting that her interviews for her new position or the deletion of her emails from her prior position constitutes a repudiation or abandonment of the Agreement. (*Id.*)

### B. Arbitrability

Defendant contends that, after determining that the arbitration clause is valid, the court need not address the issue of arbitrability of Plaintiff's claims because that issue is reserved for the arbitrator. (D.I. 9 at 8-9) Plaintiff does not respond to Defendant's argument on this point. (D.I. 11) Reserving issues of arbitrability for the arbitrator is appropriate in this case because the

---

[4] Other cases cited by Plaintiff are equally unhelpful to her position. For example, Plaintiff cites to *Lamar Company, LLC v. Goshen Springs Property III, LLC*, 634 F. Supp. 3d 1327 (N.D. Ga. 2022), without acknowledging that the case received negative treatment on partial reconsideration. (D.I. 11 at 7) The case is also inapposite because it addresses a lease agreement and does not arise in the employment context. To the extent that the holding of *Lamar* could be applied to the instant case, it supports Defendant's position because the court determined that the original contract remained in effect where the parties failed to agree to a new proposed lease before the new agreement's effective date. *Lamar*, 634 F. Supp. 3d at 1341.

arbitration clause incorporates the Employment Dispute Resolution Rules of the American Arbitration Association. (D.I. 8, Ex. 1 at Ex. A, ¶ 12(a)) The Third Circuit has held that the incorporation of these rules into the arbitration clause "constitutes clear and unmistakable evidence that the parties agreed to delegate arbitrability." *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020); *see also Young*, 119 F.4th at 322 (holding that, when an agreement delegates arbitrability determinations, including scope, to the arbitrator, "nothing is left for the District Court to decide pursuant to the FAA.").

### C. Stay of the Proceedings

Defendant requests that the court stay this action pending the completion of arbitration. (D.I. 9 at 10) "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, [Section] 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Accordingly, I recommend that the court grant Defendant's request to stay the proceedings.

### IV. CONCLUSION

For the foregoing reasons, the court recommends **GRANTING** Defendant's motion to compel arbitration and stay the proceedings. (D.I. 8) Furthermore, the court recommends that the case be administratively closed during the pendency of the arbitration proceedings. Within ten (10) days of the completion of arbitration, the parties shall submit a joint status report, informing the court whether arbitration terminated all claims made in the pending suit and whether the court may dismiss the case.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Report and Recommendation under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Report and Recommendation should be redacted, the parties shall jointly submit a proposed redacted version

by no later than **September 3, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Report and Recommendation issued.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 27, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE